Cherrington, J.
We are of the opinion that the testimony of Thomas Heiry was not competent. It is clear that it ought not to have been admitted as part of the res pesias, because it did not occur at the time of the accident, but was merely a narrative of a past transaction.
The testimony was clearly prejudicial to the cause of the city, as it contained an admission on the part of Heiry that the bank was in a dangerous condition; that he knew it; that he was absent at the time of the accident, and that the man who usually guarded the bank, had been sent away by him. It is easy to perceive that this testimony would be damaging to the city, and would seriously influence the verdict of the jury. It is argued that the testimony was competent to show that the city had notice of the condition of the bank. We are of the opinion that knowledge or notice can not be shown in that way. Notice is a fact to be proved like any other fact, by competent testimony, and not by hearsay or the declarations of a party not under oath. The case, cited from 109 Mass., is not like the present, and does not sustain the doctrine contended for. In that case the negligence charged was, that the defendants did not properly secure and tend the gangway plank by which passengers went on board the boat. Testimony that the attention of the agents or servants of the defendants was called to the insecure condition of the plank was competent to show such negligence.
It is claimed that the declarations of Heiry were competent as impeaching testimony. But the difficulty is that his declarations were not offered for that purpose, or in the proper manner. They were offered and admitted as testimony in chief, and for the purpose of showing notice. They could not be used as impeaching testimony, because the proper way *362 would have been to ask Heiry himself, when he' came on the stand, and his attention had been called to the time and place, whether he' had made such statements. This course was not pursued.
As to the charge requested and refused, it appears to us to be good lg,w, and ought to have been given. The authorities cited by the counsel for the city sustain this position. Cooley on Torts, 551; Gibson v. Erie R. R. Co., 20 Am. Rep., 553; L. S. & M. S. R. R. v. Knittal, 33 O. S., 468.
For these reasons the judgment must be reversed.